## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

**SHANE POOLE,**

     Plaintiff,

v.

**TIRE RECYCLING SERVICES OF FLORIDA, INC.,** a Florida Profit Corporation, and **CHRISTOPHER JOHNSON**, Individually,

     Defendants.

Case No.: _____

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, SHANE POOLE ("Plaintiff"), files this Complaint against Defendants, TIRE RECYCLING SERVICES OF FLORIDA, INC. ("TRS"); and CHRISTOPHER JOHNSON, Individually ("JOHNSON") (collectively, "Defendants"),  and states as follows:

## INTRODUCTION

1.    The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a).

2.    To achieve its purposes, the FLSA requires three things.  First, the FLSA requires payment of minimum wages.  29 U.S.C. § 206(a).  Second, the FLSA requires overtime pay for a covered employer whose employees work in excess of forty (40) hours per workweek. 29 U.S.C. § 207(a).  And third, the FLSA establishes minimum recordkeeping requirements for covered employers. 29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

3.      Throughout the duration of his employment with Defendants, Defendants failed to compensate Plaintiff, Defendants' non-exempt employee, proper overtime wages and minimum wages in violation of the FLSA.

4.      Defendants' violations stem in part from Defendants' payment structure whereby Defendants paid Plaintiff a flat rate of $50.00 per day, in cash.

5.      However, throughout the duration of his employment, and although Plaintiff worked excessive hours over forty (40) each week, Defendant deprived Plaintiff of proper overtime compensation for his hours worked over forty (40) hours each week, and compensated Plaintiff sub-minimum wages in most, if not all work weeks.

## JURISDICTION

6.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, *et seq.,* hereinafter referred to as the "FLSA") to recover unpaid minimum wages, overtime compensation, an additional and equal amount as liquidated damages, reasonable attorneys' fees and costs, and to obtain declaratory relief.

7.      The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

8.      This Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

9.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, located within the Middle District of Florida.

## PARTIES

10.     At all times material hereto, Plaintiff was a resident of Lee County, Florida.

11.     At all times material hereto, Defendant, TRS, was a Florida Profit Corporation engaged in business in Florida, with a principal place of business in Lee County, Florida.

12.     Upon information and belief, at all times material hereto, Defendant, Johnson was an individual resident of the State of Florida.

13.     At all times material hereto, Defendant, Johnson, was an "employer" as defined by 29 U.S.C. § 201, et seq.

14.     At all times material hereto, Defendant, Johnson, was the President of TRS and owned and operated TRS.

15.     At all times material hereto, Defendant, Johnson, regularly hired and fired employees of TRS.

16.     At all times material hereto, Defendant, Johnson, regularly determined the work schedules for the employees of TRS.

17.     At all times material hereto, Defendant, Johnson, controlled the finances and operations of TRS.

18.     At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

19.     At all times material hereto, Defendants were, and continue to be "employers" within the meaning of the FLSA.

20.     At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

21.     Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

22.     At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce including, *inter alia*, computers, telephones, trucks, and other office equipment, which were used directly in furtherance of Defendants' commercial activity of operating a tire recycling company.

23.     At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of the fact that Plaintiff regularly prepared shipments of tires to be sent out of the state of Florida.

24.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

25.     Defendants operate a company that provides tire recycling services to tire retailers and municipalities.

26.     Plaintiff worked for Defendants from approximately February 2018 through June 21, 2018 as a general laborer.

27.     Plaintiff's duties included picking up tires from Defendants' customers, and taking the tires to the appropriate disposal facility.

28.     Plaintiff maintained the same duties throughout the duration of his employment.

29.     In most, if not all work weeks, Plaintiff worked for Defendants in excess of forty (40) hours.

30.     Specifically, Plaintiff's work schedule was from 7:00 a.m. to 6:00 p.m., Monday through Saturday—or 66 hours per week.

31.     Defendants failed to compensate Plaintiff at a rate of one and one-half times

Plaintiff's regular rate of pay for all of the hours that he worked in excess of forty (40) hours in a given work week.

32.     Instead, Defendants only compensated Plaintiff $50.00 per day—or $300.00 per week.

33.     As a result, Plaintiff's regular rate of pay was often less than the applicable minimum wage due to the excessive hours that he worked and the sub-standard wages paid.

34.     Plaintiff should have been, and should be, compensated at a rate of one and one-half times his regular rate of pay for those hours that he worked in excess of forty (40) hours per workweek, as required by the FLSA, but Defendants failed to so compensate Plaintiff.

35.     Additionally, Defendants should have supplemented Plaintiff's wages in those work weeks where his regular rate of pay did not exceed the applicable minimum wage, but Defendants failed to so compensate Plaintiff.

36.     Upon information and belief, Defendants have failed to maintain proper records as mandated by the FLSA.

37.     Defendants have violated Title 29 U.S.C. §206 and 29 U.S.C. §207 in that:

    a.     Plaintiff worked in excess of forty (40) hours per week during his period of employment with Defendants;

    b.     No payments, or provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours that he worked in excess of forty (40) hours per work week as provided by the FLSA;

    c.     Defendants failed to pay Plaintiff at least minimum wage in one or more work weeks in violation of the FLSA;

d.  Defendants have failed to maintain proper time records as mandated by the FLSA; and

e.  Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207**
**OVERTIME COMPENSATION**

38.  Plaintiff realleges and reincorporates paragraphs 1 through 37 as if fully set forth herein.

39.  Plaintiff worked in excess of forty (40) hours per week.

40.  Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

41.  Plaintiff is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

42.  At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

43.  Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

44.  Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

45.  Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per

week, plus liquidated damages.

46.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to

29 U.S.C. §216(b).

## COUNT II
## VIOLATION OF 29 U.S.C. § 206
## MINIMUM WAGE

47.     Plaintiff re-alleges and reincorporates paragraphs 1 through 37 as if fully set forth

herein.

48.     Plaintiff is entitled to be paid minimum wage for all weeks worked during his

employment with Defendants as a driver.

49.     Defendants failed to pay Plaintiff minimum wage in one or more work weeks.

50.     Defendants had specific knowledge that it was paying sub-minimum wages to

Plaintiff, but still failed to pay Plaintiff at least the applicable minimum wage.

51.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered

and continues to suffer damages and lost compensation for unpaid minimum wages, plus

liquidated damages.

52.     Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to

29 U.S.C. §216(b).

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against

the Defendants:

a.  An Order granting judgment in favor of Plaintiff and against Defendants and

awarding Plaintiff the full amount of damages and liquidated damages available by

law;

    b.   Overtime compensation for all hours worked over forty in a work week at the applicable time and one-half rate;

    c.   All unpaid minimum wages at the Florida mandated minimum wage rate;

    d.   An equal amount of all owed wages as liquidated damages as allowed under the FLSA;

    e.   Awarding Plaintiff pre-judgment and/or post-judgment interest;

    f.   Reasonable attorney's fees, costs and expenses of this action as provided by statute; and

    g.   Such other relief to which Plaintiff may be entitled, at law or in equity.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury.

Dated:  December 10, 2018.

 

*/s/ Chanelle J. Ventura*
Chanelle J. Ventura
Florida Bar No. 1002876
Andrew R. Frisch
Florida Bar No. 27777
Morgan & Morgan, P.A.
600 N. Pine Island Road, Suite 400
Plantation, FL 33324
T: (954) 318-0268 F: (954) 327-3039
Email: cventura@forthepeople.com
Email: afrisch@forthepeople.com

*Attorneys for Plaintiff*