UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHANE POOLE,

    Plaintiff,

v.                                                      Case No.:   2:18-cv-810-FtM-99MRM

TIRE RECYCLING SERVICES OF
FLORIDA, INC. and CHRISTOPHER
JOHNSON,

    Defendants.
_____/

**<u>ORDER</u>**

        Pending before the Court are two matters.  Defendant Johnson filed a Motion on April 16, 2019, in which he requests that he be permitted to represent himself and Defendant Tire Recycling Services of Florida, Inc., without an attorney.  (Doc. 24 at 1).  On the same day, he filed a Motion to set aside the clerk's default that was entered against Defendant Tire Recycling Services on February 20, 2019.  (Doc. 25).

        The Court turns first to Defendant Johnson's request to represent himself and Defendant Tire Recycling Services.  "A corporation may appear in the federal courts only through licensed counsel."  *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993); *see also* M.D. Fla. R. 2.03(e).  Pursuant to 28 U.S.C. § 1654, a party may appear and conduct their own cases personally.  However, a lay person is not permitted to represent any other person or entity.  *U.S. ex rel. Stronstorff v. Blake Med. Ctr.*, No. 8:01-CV-844-T23MSS, 2003 WL 21004734, at *1 (M.D. Fla. Feb. 13, 2003).  Thus, while Defendant Johnson may represent himself in this action pursuant to 28 U.S.C. § 1654, he is not permitted to represent Defendant Tire Recycling Services of Florida, Inc.  Therefore, the Court will require Defendant

Tire Recycling Services of Florida, Inc., to obtain counsel in compliance with M.D. Fla. Rs. 2.01-2.03.[1]

Because Defendant Johnson may not represent Defendant Tire Recycling Services of Florida, Inc., Defendant Johnson's Motion to set aside the clerk's default entered against Defendant Tire Recycling Services (Doc. 25) is due to be stricken. Once Defendant Tire Recycling Services of Florida, Inc., has obtained counsel, counsel may refile any appropriate motion on its behalf.

Accordingly, it is hereby **ORDERED** that:

1) Defendant Christopher C. Johnson's Motion to represent himself and Defendant Tire Recycling Services of Florida, Inc. (Doc. 24) is **GRANTED IN PART and DENIED IN PART**.

2) **No later than May 10, 2019**, Defendant Tire Recycling Services of Florida, Inc., shall retain counsel to represent it. Within this same time period, counsel shall file any appropriate motion on Defendant Tire Recycling Services of Florida, Inc.'s behalf as it relates to setting aside the clerk's default entered against it (Doc. 14).

3) If Defendant Tire Recycling Services of Florida, Inc., fails to comply with this Order, the Court may recommend that a default judgment be entered against it.

4) Defendant Johnson's Motion to set aside the clerk's default entered against Defendant Tire Recycling Services of Florida, Inc. (Doc. 25) is **STRICKEN**. The Clerk of Court is directed to terminate the Motion (Doc. 25) and to add a notation that the Motion was stricken pursuant to this Order.

---

[1] The Local Rules for the United States District Court Middle District of Florida may be accessed at: https://www.flmd.uscourts.gov/local-rules.

**DONE AND ORDERED** in Fort Myers, Florida on April 19, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

3