UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHANE POOLE,

    Plaintiff,

v.                                                                                    Case No.:   2:18-cv-810-FtM-38MRM

TIRE RECYCLING SERVICES OF
FLORIDA, INC. and CHRISTOPHER
JOHNSON,

    Defendants.
_____/

### REPORT AND RECOMMENDATION[1]

Plaintiff filed a Motion for Default Judgment on April 8, 2019, asking the Court to enter a default judgment against Defendant Tire Recycling Services of Florida, Inc. ("TRS").  (Doc. 23). Defendant TRS has not appeared in the case and has not timely responded to the motion as required by M.D. Fla. R. 3.01(b).  Nevertheless, the Undersigned respectfully **RECOMMENDS** that the motion be **DENIED WITHOUT PREJUDICE** because it presents a risk of inconsistent judgments.

### RELEVANT PROCEDURAL HISTORY

Plaintiff brings this action against entity Defendant TRS and individual Defendant Christopher Johnson, alleging overtime and minimum wage violations under the Fair Labor Standards Act, 29 U.S.C. §§ 206-207 ("FLSA").  (Doc. 1).  In the Complaint, Plaintiff alleges

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided for convenience.  Hyperlinks to documents in CM/ECF are subject to PACER fees.  The Court does not endorse, recommend, approve, or guarantee any third parties, services, or products associated with hyperlinked websites.  The Court has no agreement with any of these third parties.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  The failure of any hyperlink does not affect the Court's order, opinion, or report and recommendation.

that TRS is "a Florida Profit Corporation engaged in business in Florida, with a principal place of business in Lee County, Florida." (*Id.* at 3 ¶ 11). Plaintiff also alleges that Johnson is "an individual resident of the State of Florida," (*id.* at ¶ 12), and "President of TRS and owned and operated TRS," (*id.* at ¶ 14). Plaintiff alleges that Johnson is "an 'employer' as defined by 29 U.S.C. § 201, et seq.," (Doc. 1 at ¶ 13), and that Johnson "regularly hired and fired employees of TRS," (*id.* at ¶ 15), "regularly determined the work schedules for the employees of TRS," (*id.* at ¶ 16), and "controlled the finances and operations of TRS," (*id.* at ¶ 17). Plaintiff alleges that he was "an 'employee' *of Defendants* within the meaning of the FLSA," (*id.* at ¶ 18 (emphasis added)), and that "*Defendants* were, and continue to be 'employers' within the meaning of the FLSA," (*id.* at ¶ 19 (emphasis added)). Specifically, Plaintiff alleges that he "worked for Defendants from approximately February 2018 through June 21, 2018 as a general laborer," (*id.* at 4 ¶ 26), whose duties included "picking up tires from Defendants' customers, and taking the tires to the appropriate disposal facility," (*id.* at 4 ¶ 27). Plaintiff claims that during his employment, both Defendants violated the FLSA by failing to pay overtime for hours worked in excess of 40 hours per week and failed to pay him the applicable minimum wage. (*Id.* at 6-7).

Plaintiff obtained clerk's defaults against both Defendants. (*See* Docs. 13, 15). Plaintiff then moved for entry of default judgment against both Defendants. (Doc. 17). While that motion was pending, Defendant Johnson, acting *pro se*, filed a motion to set aside the clerk's default against him individually. (Doc. 18). The Court granted Johnson's motion and set aside the clerk's default against him. (Doc. 21). The Court also denied Plaintiff's motion for entry of default judgment without prejudice to Plaintiff's ability to refile the motion against Defendant TRS. (Doc. 22). Plaintiff promptly renewed his motion for default judgment against TRS, which is the motion *sub judice*. (*See* Doc. 23). Thereafter, Defendant Johnson filed a motion

requesting that he be allowed to represent TRS in the litigation because he cannot afford to hire an attorney for TRS. (Doc. 24). Johnson also filed a separate motion on behalf of TRS seeking to set aside the clerk's default against TRS. (Doc. 25). The Court denied Johnson's request to represent TRS and also struck his motion on behalf of TRS to set aside the clerk's default against TRS. (Doc. 27). The Court also required TRS to obtain counsel to represent it no later than May 10, 2019. (*Id.*). TRS failed to do so and the Court entered an Order to Show Cause requiring TRS to retain counsel to represent it and show cause why default judgment should not be entered against it. (Doc. 28). The Court set a deadline of June 10, 2019 for TRS to comply. (*Id.*). Defendant Johnson attempted to respond to the Court's Order to Show Cause by letter on behalf of TRS. (Doc. 29). The Court struck Johnson's letter response because it was not filed by counsel appearing on behalf of TRS. (Doc. 30). As of the date of this Order, no attorney has appeared in this case on behalf of TRS.

Based on the foregoing procedural background, this case is proceeding against the individual Defendant, Christopher Johnson, and the entity Defendant, TRS, has failed to appear or otherwise defend.

## LEGAL STANDARD

A district court may enter a default judgment against a properly served defendant – like TRS – who fails to plead or otherwise defend. *See* Fed. R. Civ. P. 55. However, Fed. R. Civ. P. 54(b) provides:

> Judgment on Multiple Claims or Involving Multiple Parties. When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—*or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay*. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities

> of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

(Emphasis added).

As a practical matter, Fed. R. Civ. P. 54(b) means:

> when a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until after trial on the merits against the remaining defendants. *Northland Ins. Co. v. Cailu Title Corp.*, 204 F.R.D. 327, 330 (W.D. Mich. 2000). This practice grew out of the case of *Frow v. DeLaVega*, 82 U.S. 552 (1873), in which the Supreme Court held that the risk of inconsistency precluded the entry of default judgment against one alleged conspirator whose alleged co-conspirators were proceeding to trial. Within [the Eleventh Circuit], the preferred practice has been extended beyond situations in which the defaulting defendant may be jointly liable with non-defaulting defendants to situations in which the defaulting defendant is merely similarly situated to those who continue to contest the allegations on the merits. *See Gulf Coast Fans, Inc. v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984) (in contract case, vacating default judgment in favor of plaintiff that had been found, in separate case against different defendant who proceeded to trial, to have breached same contract).

*North Pointe Ins. Co. v. Global Roofing & Sheet Metal, Inc.*, No. 6:12-cv-476-Orl-31TBS, 2012 WL 5378740, at *1 (M.D. Fla. Oct. 31, 2012) (Presnell, J.), *adopting and confirming report and recommendation*, 2012 WL 5378826, at *4 (M.D. Fla. Sept. 4, 2012) ("Courts have interpreted this to mean that [w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting a default judgment until the trial of the action on the merits against the remaining defendants."); *see also Owners Ins. Co. v. Shamblin and Shamblin Builders, Inc.*, No. 8:13-cv-1929-T-30MAP, 2013 WL 6170597, at *1 (M.D. Fla. Nov. 21, 2013) (Moody, J.) ("When there are multiple defendants, the court must consider

whether it may be more prudent, under the circumstances, to delay entering a default judgment against only one of the defendants.").

## ANALYSIS

Here, the Undersigned finds just reason to delay entry of default judgment against TRS. Plaintiff does not expressly allege that Defendant Johnson and Defendant TRS are jointly liable, but it is clear from the Complaint that Plaintiff claims that both Defendants employed him and that they are liable to the same extent for the same FLSA overtime and minimum wage violations based upon exact same conduct. (*See* Doc. 1 at 3 ¶ 19 ("Defendants were, and continue to be 'employers' within the meaning of the FLSA."); *id.* at 4 ¶ 26 ("Plaintiff worked for Defendants."); *id.* at 6-8 ¶¶ 38-52 and Request for Relief). Thus, regardless of whether alleged liability is joint or several, both Defendants are indisputably similarly situated. Because Defendant Johnson is proceeding *pro se* and the merits of the case against him are yet to be determined, the risk of inconsistent judgments exists. This risk can and should be avoided by denying the instant motion without prejudice pending the conclusion of the case against the non-defaulting Defendant, Christopher Johnson.

## CONCLUSION

For these reasons, the Undersigned respectfully **RECOMMENDS** that Plaintiff's Motion for Default Judgment (Doc. 23) be **DENIED WITHOUT PREJUDICE** to Plaintiff's ability to renew the motion, if appropriate, at the conclusion of the proceedings against Defendant Christopher Johnson.

Respectfully recommended in Chambers in Ft. Myers, Florida on August 8, 2019.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties