IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHANE POOLE,

    Plaintiff,

v.                                                                 Case No. : 2:18-cv-810-FtM-99 MRM

TIRE RECYCLING SERVICES OF
FLORIDA, INC., a Florida Profit
Corporation, and CHRISTOPHER
JOHNSON, Individually,

    Defendants.
_____/

## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by Plaintiff, Shane Poole ("Poole") and Defendant, Christopher Johnson ("Johnson," Poole and Johnson are collectively referred to herein as the "Parties" and singularly as "Party").

WHEREAS, Poole filed a civil action, *Shane Poole v. Tire Recycling Services of Florida, Inc. and Christopher*, Case No. 2:18-cv-810-FtM-99 MRM, in the United States District Court, Middle District of Florida, Fort Myers Division, asserting allegations relating to unpaid wages ("Lawsuit"); and

WHEREAS, Johnson denies any liability and any wrongdoing with respect to Poole or his compensation; and

WHEREAS, entry into this Agreement in no way reflects any change in Johnson's position that he denies all liability and any wrongdoing in connection with the Lawsuit and the claims asserted by Poole; and

1

WHEREAS, Poole has voluntarily agreed to dismiss his claims against Johnson and any related matters with prejudice; and

WHEREAS, the Parties have resolved this matter and wish to avoid the disruption and expense of litigation.

NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, it is hereby stipulated and agreed by the Parties that any and all matters that have been and/or could have been raised by Poole regarding his relationship with Johnson, including all claims relating to his compensation, and any related matters, are hereby resolved as follows:

1. **Recitals.** The foregoing recitals are true and correct and are incorporated herein by this reference.

2. **Consideration.** In consideration for the execution by Poole of this Agreement and his compliance with the promises made herein, Johnson shall pay Poole the total sum of Two Thousand Dollars ($2,000.00) ("Settlement Sum"). The Settlement Sum will be allocated as follows:

- A check in the gross amount of Nine Hundred Fifty-Six Dollars and No Cents ($956.00) made payable to Shane Poole, such amount representing consideration for settlement of any and all claims, asserted and unasserted, for lost wages.

- A check to Morgan & Morgan, P.A., on Poole's behalf, in the amount of One Thousand Forty-Three Dollars and No Cents ($1,043.00), for costs associated with bringing this action, for which an IRS Form 1099 will be issued to Morgan & Morgan, P.A. (Tax ID No.: 59-2920684).

   a. These payments shall be sent to Poole c/o his attorney, Chanelle Ventura, Morgan & Morgan, P.A., 8151 Peters Road, 4th Floor, Plantation, Florida 33324 within ten (10) days of the date upon which the Court enters final judgment following dismissal of the Lawsuit

with prejudice ("Judgment").

3. **Mutual General Release of Claims**:

    a. This Agreement shall constitute a waiver and release of any and all claims Poole has, might have, or believes he has, as of the date of this Agreement, against Johnson, whether such claims arise or could arise under federal, state, administrative, or local law (including but not limited to, actions for compensatory damages, pain, suffering, and emotional distress).

    b. Johnson knowingly and voluntarily releases and forever discharges Poole of and from any and all claims, known and unknown, which Johnson has or may have as of the date of execution of this Agreement. Johnson's release of Poole is intended to be, and is, broad as the release of Johnson in paragraph 4(c) below.

    c. Poole knowingly and voluntarily releases and forever discharges Johnson, his predecessors, successors, independent contractors, subsidiaries, insurers, affiliates, and directors, officers, shareholders, members, employees—including, but not limited to, agents, insurers and attorneys of and from any and all claims, known and unknown, which Poole has or may have as of the date of execution of this Agreement, including, but not limited to, any alleged violation of:

- Labor Management Relations Act of 1947;
- The Employee Retirement Income Security Act of 1973;
- The Consolidated Omnibus Budget Reconciliation Act of 1985;
- The Civil Rights Act of 1866;
- The Civil Rights Act of 1964;
- The Civil Rights Act of 1991;

- Age Discrimination in Employment Act of 1967;
- Sections 1981 through 1988 of Title 42 of the United States Code;
- The Americans with Disabilities Act of 1990;
- The Fair Labor Standards Act;
- The Occupational Safety and Health Act;
- The Family and Medical Leave Act of 1993;
- The Florida Civil Rights Act of 1992;
- The Florida Equal Pay Act, § 725.07, *Florida Statutes;*
- Equal Pay Act of 1963;
- The Florida Whistleblower Act, § 448.102, *et seq.*, *Florida Statutes*;
- Florida's Wage Rate Provision, § 448.07, *Florida Statutes*;
- Florida's Minimum Wage Act, § 448.110, *Florida Statutes*;
- Florida's Attorneys' Fees Provision for Successful Litigants in Suits for Unpaid Wages, § 448.08, *Florida Statutes*;
- The Rehabilitation Act of 1973;
- The Health Maintenance Organization Act of 1973;
- The Immigration Reform and Control Act of 1986;
- Executive Order 11141;
- Executive Order 11246;
- Executive Order 11375;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;

- Any public policy, contract, tort, common law; or
- Any allegation for costs, fees, or other expenses including attorneys' fees incurred in these matters

each as amended, and any other federal, state or local civil or human rights law, or any other local, state or federal law, rule, regulation or ordinance, and/or public policy, contract, or tort or common law claim, including, but not limited to, any claims for defamation, negligent misrepresentation and/or breach of contract, having any bearing whatsoever or based on any matter or conduct, including without limitation any matter involving the terms and conditions (including compensation and benefits) of Poole's alleged employment with Johnson and this action, which he has or may have as of the date of this Agreement. However, the Parties acknowledge and agree that this release does not cover, and specifically excludes, claims under the Florida Workers' Compensation Act.

4. **Mutual Cooperation.** The Parties agree to fully cooperate with each other to accomplish the terms of this Agreement, including, but not limited to, execution of the documents referenced herein, and to take such other action as may reasonably be necessary to implement the terms of the Agreement.

5. **Governing Law.** This Agreement shall be governed by the laws of the State of Florida without giving effect to principles of conflicts of law.

6. **Interpretation of Agreement.** In the interpretation or enforcement of this Agreement, there shall be no presumption that any provision should be more strictly construed in favor of or against any Party.

7. **Binding Nature of Agreement.** This Agreement shall be binding upon all Parties and upon their respective heirs, administrators, representatives, executors, successors, and

assigns, and shall inure to the benefit of each Party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

8. **Counterparts.** The Parties to this Agreement may sign this Agreement in counterpart, each document of which may be considered as an original when executed. The Parties agree to deliver copies of their signed Agreement subsequent to their signature of same.

9. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior oral or written agreements, understandings, representations or warranties between the Parties. Poole acknowledge that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to sign this Agreement, except for those set forth in this Agreement.

Dated: _____, 2019.

_____
SHANE POOLE

Dated: 1/6/2020, 2019.

_____
CHRISTOPHER JOHNSON

assigns, and shall inure to the benefit of each Party and to their respective heirs, administrators, representatives, executors, successors, and assigns.

8. **Counterparts**. The Parties to this Agreement may sign this Agreement in counterpart, each document of which may be considered as an original when executed. The Parties agree to deliver copies of their signed Agreement subsequent to their signature of same.

9. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties and fully supersedes any and all prior oral or written agreements, understandings, representations or warranties between the Parties. Poole acknowledge that he has not relied on any representations, promises, or agreements of any kind made to him in connection with his decision to sign this Agreement, except for those set forth in this Agreement.

Dated: 1-14-2020 , 2019. _____
**SHANE POOLE**

Dated: _____, 2019. _____
**CHRISTOPHER JOHNSON**